# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 29, 2016

153546

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v

TOMMY BROWN,
       Defendant-Appellant.

_____/

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

SC: 153546
COA: 323793
Wayne CC: 11-001735-FC

On order of the Court, the application for leave to appeal the February 23, 2016 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE that part of the Court of Appeals judgment holding that the fourth habitual offender statute, MCL 769.12(1)(a), operated to preclude relief in this case pursuant to *People v Lockridge*, 498 Mich 358 (2015). The Court of Appeals clearly erred in relying on a subsection of the statute that was adopted by amendment after the offenses were committed in this case. See 2012 PA 319 (eff 10/1/12). We REMAND this case to the Wayne Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *Lockridge*. On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant.

With regard to the defendant's challenge to the assessment of court costs, leave to appeal is DENIED, because we are not persuaded that the question presented should be reviewed by this Court prior to the completion of the proceedings ordered by the Court of Appeals. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 29, 2016



p0922

Clerk